**UNITED STATES of America**

v.

**Catherine A. GIAQUINTO, Appellant.**

No. 05–2212.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Feb. 27, 2006.

March 23, 2006.

George S. Leone, Office of United States Attorney, Newark, NJ, Glenn J. Moramarco, Office of United States Attorney, Camden Federal Building & Courthouse, Camden, NJ, for Appellee.

Michael N. Pedicini, Morristown, NJ, for Appellant.

Before SLOVITER, FUENTES, and BECKER, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

This appeal by Catherine A. Giaquinto from a judgment in a criminal case entered pursuant to a guilty plea arises from the events of September 17, 2000, when Giaquinto smuggled approximately 10,000 pills of ecstasy into the United States from Italy. Giaquinto was traveling with two other couriers, and the total amount of ecstasy smuggled into the United States by Giaquinto and her two co-conspirators was approximately 35,000 pills. Giaquinto was not arrested for about three years from the date of the offense, during which she was gainfully employed. She has had an essentially law abiding life but for this incident, which her counsel characterizes as aberrant behavior.

Giaquinto's challenge on appeal relates solely to her sentence of 23 months imprisonment, which was seven months below the minimum of her advisory guideline range. One of her co-defendants, Raymond Raiani, made three times the number of smuggling trips as Giaquinto, stayed involved in the operation over the course of a year, and was held accountable for more than three times the number of ecstasy tablets as Giaquinto, but his 30 month sentence is only seven months longer than the sentence Giaquinto received. Giaquinto submits that this is grossly disparate.

The government first argues that we lack jurisdiction to review any aspect of Giaquinto's sentence because the sentence falls below the guidelines range. This argument, however, is foreclosed by the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and our recent decision in *United States v. Cooper,* 437 F.3d 324 (3d Cir.2006). *See Booker,* 543 U.S. at 260, 125 S.Ct. 738 (stating that the Sentencing Reform Act "continues to provide

for appeals from sentencing decisions[,] irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power . . .") (citations omitted); *Cooper*, at 336 ("[A] post-*Booker* appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to [18 U.S.C.] § 3742(a)(1).") (citing *United States v. Martinez*, 434 F.3d 1318, 1320 (11th Cir.2006)).

 While Giaquinto's position is not unsympathetic, her challenges all fail on appeal. First, she contends that the District Court should have granted a downward departure in sentence based on her aberrant behavior. However, we have recently held that we lack appellate jurisdiction on claims that the District Court should have granted a departure. *See Cooper*, at 337. Giaquinto also submits that the District Court should have considered only her actual conduct in determining her sentence. We find no error. *Booker*, 543 U.S. at 258–260, 125 S.Ct. 738, does not alter the notion that a defendant's sentence may be based on relevant conduct (i.e., conduct other than her own). *See United States v. Lister*, 432 F.3d 754, 761 (7th Cir.2005); *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir.2005). Moreover, Giaquinto received a great benefit from application of the 1998 guidelines range, which had a lower guideline than the 2004 Manual, and the District Court applied the aberrant behavior standard urged upon it by Giaquinto.

 Finally, Giaquinto contends that the District Court should not have permitted a sentencing disparity between co-defendants. We review for reasonableness. *See Booker*, 543 U.S. at 262, 125 S.Ct. 738. This is a post-*Booker* sentence. The District Court was well aware of its new responsibilities to consider the 18 U.S.C. § 3553(a) factors in addition to the guidelines, and did so. The Court considered all of defense counsel's arguments—essentially the same ones advanced here—and did everything that *Cooper* required in terms of its analysis. Our review is deferential. While we admire the zeal with which able counsel has advanced Giaquinto's arguments, we are constrained to find the sentence reasonable.

The judgment of the District Court will be affirmed.