

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2006

# USA v. Williams

Precedential or Non-Precedential: Precedential

Docket No. 04-4268

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Williams" (2006). *2006 Decisions.* Paper 388.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/388

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4268
_____

UNITED STATES OF AMERICA,

Appellee,

v.

KENNETH WILLIAMS,

Appellant.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

District Court Judge: The Honorable Stewart Dalzell
(Criminal No. 02-00172-27)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2006

BEFORE: SLOVITER and FUENTES, Circuit Judges, and
RESTANI,[*] Chief   International Trade Judge.

(Filed:   September 27, 2006  )

_____

[*] Honorable Jane A. Restani, Chief International Trade
Judge, sitting by designation.

1

_____

OPINION OF THE COURT
_____


FUENTES, <u>Circuit</u> <u>Judge</u>.

   Kenneth "Malik" Williams appeals from his conviction
following trial for conspiracy to distribute cocaine and cocaine
base, and possession of a firearm in furtherance of a drug
trafficking offense. Williams also appeals his sentence of 420
months in prison. Regarding his conviction, Williams argues that
the District Court erred in failing to provide adequate jury
instructions as to "multiple conspiracies" and as to the firearm
charge. Williams also argues that the evidence was insufficient
for conviction on the firearm charge, and that the District Court
should not have prohibited Williams from cross-examining a key
prosecution witness about his statement that he had never
committed murder. Lastly, Williams argues that his case should
be remanded for resentencing in accordance with the Supreme
Court's opinion in <u>United States v. Booker</u>, 543 U.S. 220 (2005).
We reject Williams' appeal of his conviction but remand for
resentencing under <u>Booker</u> as to his conspiracy conviction.

## BACKGROUND

   In October 2002, Williams was indicted along with thirty-
six co-defendants for conspiracy to distribute cocaine and
cocaine base. Williams was also charged with possession of a
firearm in furtherance of a drug trafficking crime pursuant to 18
U.S.C. § 924(c)(1)(A). The firearm charge arose out of a
shootout that occurred when Williams and several co-
conspirators drove to Penrose Plaza, a shopping mall in South
Philadelphia, in search of men who had kidnapped the girlfriend
and children of one of Williams' co-conspirators in an attempt to
extort cash and cocaine.

   The District Court severed the defendants' cases into

2

several groups and conducted seven separate trials. The jury hung at Williams' first trial in February 2004, and the Court declared a mistrial. Following a second trial in July 2004, Williams was convicted on both counts.

Williams was sentenced in October 2004, after the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), but prior to Booker. The District Court interpreted Blakely to bar enhancements under the Federal Sentencing Guidelines based on facts not found by the jury. Based on this view, the District Court concluded that the appropriate range for the conspiracy count was 262 to 327 months, and rejected an upward enhancement for Williams' managerial role. Within this range, the Court sentenced Williams to 300 months. On the firearm possession count, the Court found that the firearm was discharged and sentenced Williams to a 120-month consecutive sentence, the mandatory minimum under 18 U.S.C. § 924(c)(1)(A)(iii).

## DISCUSSION

### I.

Williams argues that the District Court erred in its jury instructions by failing to give adequate guidance on the concept of multiple conspiracies and on the firearm charge.[1] There is no evidence that Williams objected on this basis at trial, and we therefore review the instructions for plain error. United States v. Guadalupe, 402 F.3d 409, 410 n.1 (3d Cir. 2005). Under the plain error standard, "'before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the

_____

[1] The District Court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. This Court has jurisdiction over Williams' appeal of his conviction and sentence pursuant to 28 U.S.C. § 1291.

fairness, integrity, or public reputation of judicial proceedings.'" United States v. Vazquez, 271 F.3d 93, 99 (3d Cir. 2001) (quoting Johnson v. United States, 520 U.S. 461, 467 (1997)).

The District Court read the following instruction on multiple conspiracies to the jury:

> Whether there existed a single unlawful agreement, or many such agreements, or indeed no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I'm about to give you. Now, when two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes. Proof of several separate and independent conspiracies is not proof of the single overall conspiracy charged in the indictment unless one of the conspiracies proved happens to be the single overall conspiracy described in the indictment.

> Now, you may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both, so long as you find that some of the coconspirators continued to act for the entire duration of the conspiracy for the purposes charged in the indictment. This is so even if you find that some conspiracy other than the one charged in the indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership. Similarly, if you find that the defendant was a member of another conspiracy and not the one charged in the indictment, then you must acquit him.

Williams argues that this instruction was inadequate because the judge also should have told the jury that "even though two individuals may enter into repeated arrangements to sell and buy drugs, it does not necessarily establish a single conspiracy to

4

distribute." Williams also argues that the evidence suggested two separate charged conspiracies—a conspiracy to distribute drugs and a conspiracy to carry a weapon in response to a kidnapping—and that the District Court therefore should have repeated the instruction on multiple conspiracies in the context of its instructions on the firearm charge.

Williams provides no legal support for these assertions. The District Court explained the difference between a single conspiracy and multiple conspiracies in more than enough detail under this Circuit's case law, and provided all of the information necessary for the jury to understand the relevant concepts. See, e.g., United States v. Price, 13 F.3d 711, 724-25 (3d Cir. 1994) (finding no plain error in instruction on multiple conspiracies where the court told the jury that the "Government has to show the single conspiracy alleged in the indictment"); United States v. Phillips, 959 F.2d 1187, 1191 (3d Cir. 1992) (finding that no additional instruction on multiple conspiracies was necessary where the jury was instructed that it could find the defendant guilty only if the defendant was a member of the conspiracy charged in the indictment and not some other conspiracy). The District Court's instruction on multiple conspiracies was thorough, and there was no need to repeat it a second time. We conclude that there was no plain error in the District Court's instruction on multiple conspiracies.

Williams also argues that the District Court's instructions on the firearm charge were inadequate. He claims that the evidence at trial suggested a lack of nexus between the drug conspiracy and Williams' use of a firearm, and that the District Court should have stated explicitly that such a nexus was required for conviction on the firearm charge. The judge gave the jury the following instruction, among others, on the firearm charge:

> Now, the Government must prove the following elements beyond a reasonable doubt. One, the defendant knowingly committed a drug trafficking crime; two, the defendant knowingly possessed at least one firearm; three, the possession was in furtherance of the drug

trafficking crime. Now, the first element that the Government must prove beyond a reasonable doubt is that the defendant committed a drug trafficking crime. The Government alleges that the defendants possessed firearms in furtherance of the conspiracy alleged in count one. . . .

Now, the term in furtherance of, means to advance, move forward, promote, or facilitate the drug trafficking crime. For example, if you determine that based upon the evidence in this case, that the defendant possessed the firearm and that he did so at least in part to protect his drugs, his drug proceeds, or himself, from competing drug dealers or the police, or that he possessed the firearm for some other reason, which in some way moved forward, advanced, promoted or facilitated the drug trafficking crimes listed in the indictment, then the defendant possessed the firearm in furtherance of a drug trafficking crime. If, however, based upon the evidence in this case, you find that the defendant did not possess a firearm on or about the date set forth in the indictment or that the firearm was present only for some other purpose, or by mere coincidence, or that the Government failed to prove this element of the offense beyond a reasonable doubt, then, you must find the defendant not guilty on that count.

This language unambiguously requires the jury to find a nexus between Williams' possession of a firearm and the charged drug conspiracy, and Williams' claim is therefore without merit. The prosecution argued at trial that the required nexus existed because the kidnapping was perpetrated by individuals knowledgeable about the conspirators' drug trafficking, and the conspirators' response to the kidnapping—including the possession of a firearm by Williams—was a response to a threat to the drug conspiracy. Williams was free to dispute this theory at trial. The District Court properly instructed the jury on the firearm possession charge, and Williams has not established plain error on this point.

## II.

Relatedly, Williams argues that the evidence at trial was insufficient as a matter of law to convict him of possession of a weapon in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). We review this claim for plain error because Williams did not raise the issue in the District Court. Guadalupe, 402 F.3d at 410 n.1.

The evidence at trial supporting the firearm possession charge was related to the Penrose Plaza incident. Williams asserts that the connection between that incident and the drug conspiracy was too tenuous for the jury to reasonably find that the gun possession was in furtherance of the conspiracy.

This Court has held that under § 924(c), the government's evidence "must demonstrate that possession of the firearm advanced or helped forward a drug trafficking crime." United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004). Here, the government presented evidence that the kidnappers demanded $30,000 and a kilogram of cocaine in exchange for the kidnapped individuals, and that several members of the conspiracy drove in search of the kidnappers and eventually opened fire. It was not unreasonable for the jury to conclude that the conspirators viewed the kidnapping as a threat to their drug enterprise, and that they used firearms at least in part to protect and advance the drug-trafficking conspiracy. See United States v. Baptiste, 264 F.3d 578, 588 (5th Cir. 2001) (finding sufficient evidence to support § 924(c) convictions where defendants attacked a rival drug gang in retaliation for murders, because the attacks "had at least the potential to protect the conspiracy and intimidate competitors and witnesses"). Under a plain error standard, the government presented sufficient evidence for the jury to convict Williams under § 924(c).

## III.

Next, Williams claims that the District Court should have allowed him to cross-examine Courtney Carter, the prosecution's central witness, about Carter's assertion on direct examination that he had never committed murder. Williams argues that the

prohibition violated his rights under the Sixth Amendment's Confrontation Clause. We review this claim for abuse of discretion. United States v. Lore, 430 F.3d 190, 208 (3d Cir. 2005).

Following Carter's statement on direct examination that he had never committed murder, counsel for Williams told the District Court that he had information indicating that this assertion was false. Specifically, a confidential informant had told a Special Agent of the Bureau for Alcohol, Tobacco, and Firearms that the informant had heard from another person that Carter had once stabbed an individual to death in Philadelphia. The Special Agent was unable to find records of the murder, nor could he find the person who had provided this information to the confidential informant. Based on the statement of the confidential informant, Williams' counsel wished to impeach Carter on cross-examination. The District Court denied the request under Federal Rules of Evidence 608(b) and 403.

Under Rule 608(b), specific instances of conduct of a witness, other than conviction for a crime, may not be proved at trial through extrinsic evidence for the purpose of attacking the witness's character for truthfulness. The court may at its discretion permit questioning about specific instances of conduct on cross-examination, but only if the conduct is probative of the witness's character for truthfulness or untruthfulness. Fed. R. Evid. 608(b). Under Rule 403, evidence may be excluded, even if relevant, where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, the District Court concluded that the fact that Carter committed murder was not probative of his truthfulness or untruthfulness under Rule 608(b), and that even if it was, the extreme weakness of the evidence suggesting murder and the potential for an unnecessary mini-trial on the issue indicated that the evidence should be excluded under Rule 403.

We find that the District Court did not abuse its discretion in barring cross-examination here. A district court "'retains wide latitude insofar as the Confrontation Clause is concerned to

8

impose reasonable limits' on cross-examination to avoid, among other things, harassment, prejudice, confusion of issues, or interrogation that is only marginally relevant or is repetitive." Lore, 430 F.3d at 208 (quoting United States v. Mussare, 405 F.3d 161, 169 (3d Cir. 2005)). Even if the evidence that Carter committed murder had been strong, it was not clearly relevant to Carter's truthfulness as a witness and had a strong potential to prejudice the jury. In fact, the evidence was exceedingly weak—it was based on several levels of hearsay—and the District Court's decision to preclude cross-examination on the issue was therefore entirely reasonable. We deny Williams' appeal of his conviction on this basis.

IV.

Lastly, Williams argues that his case should be remanded for resentencing pursuant to Booker. As to the conspiracy conviction, we must remand for resentencing under Booker, as the government concedes, because Williams was sentenced under a mandatory Federal Sentencing Guidelines scheme. See United States v. Davis, 407 F.3d 162, 166 (3d Cir. 2005) (en banc).

As to the firearm possession conviction, however, the District Court did not apply a sentence under the Sentencing Guidelines, but instead sentenced Williams based on a statutory mandatory minimum under 18 U.S.C. § 924(c)(1)(A). That statute provides for a five-year minimum for possession of a firearm in furtherance of a drug trafficking offense, which is increased to ten years if the firearm was discharged. Here, the District Court found that a firearm was discharged and sentenced the defendant to the ten-year minimum. The Supreme Court has held that a judge may make findings of facts that increase a defendant's mandatory minimum sentence as long as those findings do not extend the sentence beyond the maximum authorized by the jury's verdict. Harris v. United States, 536 U.S. 545, 568 (2002).

Harris remains binding law in the wake of the Booker decision. Booker did not explicitly overrule Harris, and the reasoning in Booker does not mandate reversal of Harris. In fact,

9

the majority opinion in <u>Booker</u> makes no reference to <u>Harris</u>. Regardless of whether a Supreme Court decision sheds doubt on an earlier decision of that Court, we may not conclude that the earlier holding has been implicitly overruled. <u>See</u> <u>United States v. Leahy</u>, 438 F.3d 328, 332 (3d Cir. 2006) (<u>en banc</u>) ("[N]or do we possess the authority to declare that the Supreme Court has implicitly overruled one of its own decisions"); <u>United States v. Ordaz</u>, 398 F.3d 236, 241 (3d Cir. 2005) ("'[I]f a precedent of [the Supreme Court] has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions.'") (quoting <u>Rodriguez de Quijas v. Shearson/American Express, Inc.</u>, 490 U.S. 477, 484 (1989)).

Several other circuits have also affirmed the continuing validity of <u>Harris</u> following <u>Booker</u>. <u>See, e.g.</u>, <u>United States v. Estrada</u>, 428 F.3d 387, 391 (2d Cir. 2005) ("[W]e are bound by the Supreme Court's rulings in <u>Almendarez- Torres</u> and <u>Harris</u>"); <u>United States v. Dare</u>, 425 F.3d 634, 641 (9th Cir. 2005) ("We cannot question <u>Harris</u>' authority as binding precedent."); <u>United States v. Jones</u>, 418 F.3d 726, 732 (7th Cir. 2005) ("Under <u>Harris</u>, which the Supreme Court did not disturb in <u>Booker</u>, imposition of the ten-year mandatory minimum sentence for violation of 924(c)(1)(A)(iii) did not violate the Sixth Amendment.").

For the foregoing reasons, we vacate the judgment of sentence as to Count One, for conspiracy to distribute cocaine and cocaine base, and remand for resentencing in accordance with <u>Booker</u>, but we affirm the judgment of sentence as to Count 123, for possession of a firearm in furtherance of a drug trafficking offense.[2]

---

[2] With permission of this Court, Williams has filed a pro se supplemental brief in this matter. We have considered his claims that the District Court violated his Fourteenth Amendment rights by constructively amending the indictment, and that the District Court lacked jurisdiction to impose the sentence as to the firearm possession conviction. We conclude

10

———

that Williams' arguments, to the extent not otherwise addressed here, are without merit.