UNITED STATES of America

v.

Reginal SCOTT, Appellant.

No. 05–4472.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 27, 2007.

Filed: March 1, 2007.

Curtis R. Douglas, Office of United States Attorney, Philadelphia, PA, for United States of America.

Robert E. Welsh, Jr., Welsh & Recker, Philadelphia, PA, for Appellant.

Before McKEE and ALDISERT, Circuit Judges, and RESTANI *, Judge.

OPINION

RESTANI, Judge.

Appellant Reginal Scott ("Scott") appeals his sentence of 183 months for possession of crack cocaine with intent to distribute and for unlawfully carrying a firearm during and in relation to the underlying drug offense. Scott argues that the District Court violated his Sixth Amendment right by enhancing his sentence under 18 U.S.C. § 924(c) based upon its finding that he had discharged a fire-

* Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

arm during and in relation to the instant offense. Scott also argues that the District Court imposed an unreasonable sentence upon him. We will affirm.

## I. Procedural and Factual Background

The underlying case arises from a car chase on September 28, 2001. On that evening, two Philadelphia police officers in an unmarked police vehicle observed six or seven gun shots being fired from a black Honda on Ellsworth Street in South Philadelphia. The police officers immediately contacted police radio and activated the blue and red lights of their police vehicle. The black Honda then "started to flee at a high rate of speed," (J.A. at 146a), and the police officers began to pursue the black Honda. Other police vehicles also joined in the chase.

The chase ended in about four or five minutes when the black Honda stopped at the 2200 block of Moore Street. Scott, one of the passengers in the black Honda, exited the vehicle and was arrested by the police. The police found 44 plastic bags of crack cocaine in his possession. An officer also recovered a handgun that had been thrown to the ground by Scott. A ballistic test established that the handgun was the weapon fired earlier from the black Honda.

Scott and two other passengers in the black Honda, Kevin Davis ("Davis"), Kevin Minnis ("Minnis"),[1] were each charged with possession of crack cocaine with intent to distribute in violation of 21 U.S.C.

§ 841(a)(1), and carrying a firearm during and in relation to the underlying drug offense in violation of 18 U.S.C. § 924(c).[2] Scott filed a motion to sever, claiming that he needed the testimony of the other defendants to establish that he was not present in the black Honda during the instant car chase. The motion was denied.

A superseding indictment was later filed, again charging the defendants with possession of crack cocaine with intent to distribute and carrying a firearm during and in relation to the underlying drug offense.[3] The superseding indictment also contained a notice of forfeiture for the firearms seized from the defendants. The defendants each pled not guilty to the charges. Following a jury trial, all three defendants were found guilty of possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and carrying a firearm during and in relation to the underlying drug offense in violation of 18 U.S.C. § 924(c).

Scott was sentenced to 63 months of incarceration for possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The District Court then found that Scott did not only carry a firearm during and in relation to the underlying drug offense in violation of 18 U.S.C. § 924(c), but had actually discharged the firearm. Pursuant to 18 U.S.C. § 924(c), the minimum penalty for possession of a firearm during and in relation to a drug trafficking offense increases from a sentence of five to ten years if the firearm was discharged. Thus, the Dis-

---

1. When the Honda stopped, Davis attempted to flee on foot and was shot by an officer who stated that Davis raised a gun at him. Nineteen plastic bags of cocaine base were found on Davis. The police also found a firearm and twelve plastic bags of crack cocaine on Minnis. Two other individuals in the Honda with Scott, Davis, and Minnis were not charged in the federal indictment.

2. Minnis was given an additional charge of possession of a firearm by a felon.

3. Minnis was again charged with possession of a firearm by a felon. 3

trict Court sentenced Scott to an additional 120 months of incarceration to be served consecutively to his penalty for the drug offense.

Scott and the other defendants appealed their convictions and sentences, and their appeals were consolidated before this Court. While the appeal was pending before this court, the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This Court then remanded the case for resentencing in *United States v. Davis*, 407 F.3d 162 (3d Cir.2005). Upon remand, Scott made a presentation before the District Court concerning his stay at the Glen Mills School[4] prior to his arrest and his post-sentencing rehabilitation. He also argued that judicial fact-finding used to enhance a sentence under § 924(c) was not permissible under the Sixth Amendment. The District Court rejected the arguments and imposed an identical sentence of 183 months of incarceration upon Scott.

Scott appeals his sentence, arguing that the District Court violated his Sixth Amendment and due process rights by enhancing his sentence under 18 U.S.C. § 924(c) based upon its finding that he had discharged a firearm during and in relation to the underlying offense. Scott also argues that the District Court imposed an unreasonable sentence upon him in light of his pre-arrest educational activities and post-sentence rehabilitation.

## II. Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231 (2000). We have appellate jurisdiction under 28 U.S.C. § 1291 (2000). Additionally, we have jurisdiction to review the sentence imposed on the defendant pursuant to 18 U.S.C. § 3742. *United States v. Cooper*, 437 F.3d 324, 327–28 (3d Cir.2006).

We conduct a plenary review of the constitutionality of sentencing procedures. *United States v. Barbosa*, 271 F.3d 438, 452 (3d Cir.2001). We review sentences for reasonableness. *Booker*, 543 U.S. at 261, 125 S.Ct. 738.

## III. Discussion

**A. The District Court properly enhanced Scott's sentence based upon its judicial fact-finding conducted under 18 U.S.C. § 924(c).**

■ Here, along with the crack cocaine offense, the jury also found Scott guilty of carrying a firearm during and in relation to the underlying offense. The firearm violation carries a statutory mandatory minimum penalty of five years of imprisonment, to be served consecutively to the underlying offense, and a statutory maximum penalty of life imprisonment. *See* 18 U.S.C. § 924(c). If the court finds that the defendant brandished the weapon during and in relation to the underlying offense, the statutory mandatory minimum penalty increases to seven years of imprisonment, to be served consecutively to the penalty for the underlying offense. *See id.* If the court finds that the defendant discharged the firearm, the statutory mandatory minimum penalty increases to ten years of imprisonment, to be served consecutively to the penalty for the underlying offense. *See id.* Because the District Court found that Scott had discharged a firearm during and in relation to the underlying drug offense, the Court sentenced him to ten years of imprisonment to be served consecutively to his penalty for the drug offense. Scott claims that the District Court erred in so doing because a sentencing court may no longer conduct its

4. The Glen Mills School is a residential program for court-referred young men.

own fact-finding to enhance sentences under § 924(c) after the Supreme Court's decisions in *Booker*, 543 U.S. at 244, 125 S.Ct. 738, and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We disagree.

Scott's primary contention is that the Supreme Court's decision in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), was overruled by *Blakely* and *Booker*. In *Harris*, the sentencing court found that the defendant brandished a weapon during the underlying offense and imposed a seven-year sentence upon him pursuant to § 924(c). The Supreme Court upheld the sentence enhancement under § 924(c), stating that:

> [w]hether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be ... submitted to the jury.... When a judge sentences the defendant to a mandatory minimum, ... [the] juries already have found all the facts necessary to authorize the Government to impose the sentence. The judge may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those juries....

*Id.* at 565, 122 S.Ct. 2406.

We have upheld the applicability of *Harris* after *Booker*, stating that:

> *Harris* remains binding law in the wake of the *Booker* decision. *Booker* did not explicitly overrule *Harris*, and the reasoning in *Booker* does not mandate reversal of *Harris*. In fact, the majority

opinion in *Booker* makes no reference to *Harris*. Regardless of whether a Supreme Court decision sheds doubt on an earlier decision of that Court, we may not conclude that the earlier holding has been implicitly overruled.

*United States v. Williams*, 464 F.3d 443, 449 (3d Cir.2006) (citing *United States v. Leahy*, 438 F.3d 328, 332 (3d Cir.2006) (en banc)). Thus, as we have previously stated, "a judge may [continue to] make findings of facts that increase a defendant's mandatory minimum sentence as long as those findings do not extend the sentence beyond the maximum authorized by the jury's verdict." *Id.* (citing *Harris*, 536 U.S. at 568, 122 S.Ct. 2406). Scott's arguments to the contrary are meritless.

Accordingly, we hold that the District Court properly sentenced Scott according to the statutory mandatory minimum term under § 924(c) for discharging a firearm during and in relation to the underlying offense.

## B. The District Court imposed a reasonable sentence upon Scott.

 Scott argues that the sentence imposed, which was at the low end of the Sentencing Guideline range, was unreasonable and that the resentencing court should have departed downward based upon Scott's prior performance at the Glen Mills School, his post-sentence rehabilitation, and his adjustment to institutional life.[5]

---

5. Post–*Booker*, the sentencing court was required to follow a three-step sentencing process: (1) calculate the Guidelines sentence precisely as they would have before *Booker*; (2) " 'formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account [our] Circuit's pre-*Booker* case law, which continues to have advisory force;' " and (3) exercise their discretion by considering the relevant § 3553(a) factors in imposing a sentence. *United States v. Gunter*, 462 F.3d 237, 247 (2006). Scott does not contest that the District Court properly conducted the first two steps of the sentencing process.

Here, we first examine the record to determine if the district court exercised its discretion by considering all the relevant factors enumerated in 18 U.S.C. § 3553(a).[6] *Cooper*, 437 F.3d at 329. In so doing, the sentencing court does not need to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.* at 329. If the district court has given meaningful consideration to the factors, we must then, giving deference to the district court, examine whether the sentence reflects a reasonable application of those factors. *Id.* at 330.

In this case, the record reveals that the District Court considered the severity of the offense, the need to provide just punishment, and the need for general deterrence. The record also reveals that Scott presented a lengthy argument regarding his stay at the Glen Mills School, post-sentence rehabilitation, and adjustment to institution life. After hearing the argument, the resentencing court stated that:

Well, it certainly is a tragic circumstance, the whole upbringing and the lack of u[p]bringing is terrible, but the offense is a serious one. The post offense rehabilitation is commendable, I'm not saying that for all time it can never be considered, but I'm not persuaded under these circumstances it is appropriate to reduce the sentence in my discretion because of his conduct after the offense. There might be circumstances

where that does apply. I don't think I am persuaded it should apply here.

(J.A. at 548a.) From this record, it appears that the District Court heard Scott's arguments and gave them meaningful consideration. Additionally, the sentence imposed appears to be a reasonable application of the § 3553(a) factors. Thus, Scott has not shown that the sentence imposed, which was at the low end of the guideline range and thus "more likely to be reasonable than one that lies outside the advisory guidelines range," *Cooper*, 437 F.3d at 331, was unreasonable.

The District Court's refusal to reduce Scott's sentence based upon his post-offense rehabilitation also comports with our holding in *United States v. Lloyd*, 469 F.3d 319, 324 (3d Cir.2006). In *Lloyd*, we held that

it would be an unusual case in which a defendant's post-sentence rehabilitation efforts ... should impact ... the sentence.... [T]hough we would not hold that a court never could consider a defendant's post-sentencing rehabilitation efforts when resentencing.... [A] court, except in unusual cases, should consider only conduct and circumstances in existence at the time of the original sentencing when it resentences following a *Booker* remand.

*Id.* at 324–25. This is not an unusual case in which a defendant's post-sentence reha-

---

6. The relevant factors are:
 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 (2) the need for the sentence imposed—
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and

 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 (3) the kinds of sentences available;
 (4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines....
 18 U.S.C. § 3553(a).

bilitation efforts should impact the sentence.

Accordingly, we hold that the District Court imposed a reasonable sentence upon Scott.

## CONCLUSION

For the foregoing reasons, we conclude that the District Court properly enhanced Scott's sentence pursuant to 18 U.S.C. § 924(c), and imposed a reasonable sentence upon Scott. Accordingly, we will affirm the sentence imposed by the District Court.