

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2007

# USA v. Velez

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2435

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Velez" (2007). *2007 Decisions.* Paper 622.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/622

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2435
_____

UNITED STATES OF AMERICA

v.

GILBERTO VELEZ,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00696-2)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted pursuant to Third Circuit LAR 34.1(a)
April 24, 2007

BEFORE:  SCIRICA, Chief Judge, FUENTES and ALARCÓN,* Circuit Judges.

(Filed:  August 6, 2007)

_____

OPINION OF THE COURT
_____

_____

* The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

FUENTES, Circuit Judge.

Gilberto Velez pleaded guilty to possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), an offense which carries a mandatory minimum sentence of 120 months in prison. At sentencing, the government opposed application of the "safety valve" provision, 18 U.S.C. § 3553(f), pursuant to which the District Court could have imposed a sentence below the statutory minimum. The government argued that Velez had been untruthful in proffering information regarding the circumstances of his offense. After defense counsel conceded to the government's argument, the District Court imposed the mandatory minimum sentence, without applying the safety valve. On appeal, Velez argues that the District Court erred in doing so. We will affirm.

**I.**

On October 1, 2003, a federal drug enforcement task force received information that cocaine had been smuggled aboard a flight from San Juan, Puerto Rico to Philadelphia, Pennsylvania. Task force agents stationed at Philadelphia International Airport observed Velez's co-defendant, David Espinosa-Cruz, claim two matching suitcases from the baggage area. Espinosa consented to questioning by the agents and allowed them to open his suitcases, which contained over forty kilograms of cocaine. While in custody, Espinosa received a call on his cellular phone from Velez, whom agents located and approached outside the terminal. Velez consented to a search of his

-2-

two suitcases, which contained approximately forty-six kilograms of cocaine.

On October 17, 2003, Velez made a proffer of information to the government, which the government summarized at sentencing as follows:

> Mr. Velez had met a man in a bar in Puerto Ric[o] . . . . Mr. Velez made a comment that he needed money. Mr. Velez does not know the first name, the last name or the nickname for the man . . . . Mr. Velez gave him his cellular telephone number.
>
> Two days later, Mr. Velez received a phone call. The person on the phone was not the man he had met in the bar, but a second person. That person told him about a trip that he could take. Mr. Velez was not provided a ticket . . . . He had to pay for his ticket by himself . . . .
>
> Mr. Velez was asked where he would be staying in Philadelphia and [whom] he was meeting. He stated that he did not know who he was going to be meeting . . . . He said that he simply was going to go to any hotel and wait for a phone call on his cellular telephone. He said he did not know how he was going to be paid.
>
> He did not have a phone number for any of these people . . . . [H]e was just going to basically trust these people to pay him when he returned to Puerto Rico.

App. 32a-33a. Velez later pleaded guilty to possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

At sentencing, the government opposed application of the safety valve provision, 18 U.S.C. § 3553(f), because it had concluded that Velez's proffered statement was not credible.[1] In response to the government's position, defense counsel stated: "[o]n the

---

[1] To be eligible for the safety valve, a defendant must establish that:

(1) the defendant does not have more than 1 criminal history point, as

issue of the safety valve, I have discussed with my client that it is his right to take the stand today and convince you that the Government is wrong in not believing his account that led to this offense and how it was carried out. And he has declined to do so, accepting the judgment of the Government that they simply did not believe his story." App. 34a-35a.

Without applying the safety valve, therefore, the Court sentenced Velez to the mandatory minimum of 120 months in prison. This appeal followed.[2]

## II.

determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in [21 U.S.C. § 848]; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). United States v. Batista De La Cruz, 460 F.3d 466, 468 (3d Cir. 2006). We review legal conclusions de novo and factual findings for clear error. United States v. Sabir, 117 F.3d 750, 752 (3d Cir. 1997).

On appeal, Velez argues that the District Court erred in failing to apply the safety valve provision in arriving at his sentence. He contends that "the only information of record regarding [his] interview with government counsel and agents was that which was provided by government counsel." Appellant's Br. at 25. He also argues that he was "unfairly deprived of a reasonable opportunity to receive [the] benefit" of the safety valve, because he was not "fully informed as to the requirements of the safety valve." Id. at 32, 29. For these reasons, he argues, we must remand for re-sentencing.[3] We disagree.

That the "only information" regarding the veracity of Velez's proffer came from the government does not mean that remand is required. The District Court provided Velez an opportunity to contest the government's characterization of his proffer, but Velez explicitly declined to do so. In response to the government's characterization, defense counsel stated that Velez "accept[ed] the judgment of the Government that they simply did not believe his story." App. at 35a. Having declined the opportunity to contest the government's position at sentencing, Velez cannot now fault the District Court for concluding that he "did not cooperate with the Government."[4] App. at 39a.

---

[3] Velez also argues on appeal that the District Court erroneously considered the sentencing guidelines to be mandatory, in violation of United States v. Booker, 543 U.S. 220 (2005). However, Velez was sentenced to the statutory minimum under § 841(b)(1)(A); we therefore reject this contention. See United States v. Williams, 464 F.3d 443, 449 (3d Cir. 2006).

[4] It is well established that a defendant who waives a known right cannot seek relief on that issue on appeal. See, e.g., Virgin Islands v. Rosa, 399 F.3d 283, 291 (3d Cir. 2005); United States v. Kikumura, 947 F.2d 72, 77 (3d Cir. 1991). Furthermore, Velez does not point out "what information [he] could have provided" to the government,

Furthermore, the record contradicts Velez's claim that he was unaware of the requirements of the safety valve provision. As the government stated at sentencing, it addressed the applicability of the safety valve throughout the proceedings—for example, in its plea memorandum filed in February of 2004, and in its sentencing memorandum filed in May of 2004. In addition, the District Court made sure that Velez understood the basis for his sentence by taking time to have the pre-sentencing report, which recommended against application of the safety valve, translated into Spanish. The Court then confirmed both that Velez understood what the report said and that he had no objections to it.

Finally, in response to the government's position on the safety valve, defense counsel stated before the District Court that "I have discussed with my client that it is his right to take the stand today and convince you that the Government is wrong in not believing his account. . . [a]nd he has declined to do so." App. at 34a-35a. We therefore reject Velez's contention that he was not adequately informed of the requirements of the safety valve provision.

**III.**

For the foregoing reasons, we will affirm the judgment of sentence.

---

if any, had he been "fully informed as to the requirements of the safety valve."
Appellant's Br. at 31, 29.