

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2007

# USA v. Espinosa-Cruz

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2525

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Espinosa-Cruz" (2007). 2007 Decisions. Paper 621.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/621

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2525

———

UNITED STATES OF AMERICA

v.

DAVID ESPINOSA-CRUZ,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00696-01)
District Judge:  Honorable Harvey Bartle, III

———

Submitted pursuant to Third Circuit LAR 34.1(a)
April 24, 2007

Before: SCIRICA, Chief Judge, FUENTES and ALARCÓN,[*] Circuit Judges.

(Filed:  August 6, 2007 )

---

[*] The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge.

Drug enforcement agents intercepted David Espinosa-Cruz at the Philadelphia International Airport carrying 41 kilograms of cocaine. Espinosa later pleaded guilty to one count of possession with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The District Court sentenced him to 120 months in prison, the statutory minimum under § 841(b)(1)(A). On appeal, Espinosa argues that the District Court erroneously denied his request to consider a lower sentence under the "safety valve" provision, 18 U.S.C. § 3553(f). We will affirm.

**I.**

On October 1, 2003, a federal task force, comprised of agents of the Drug Enforcement Administration and local law enforcement, learned that luggage containing cocaine had been smuggled aboard a flight from San Juan, Puerto Rico to Philadelphia, Pennsylvania. Task force agents subsequently stopped Espinosa, a passenger on the flight, as he was exiting the baggage claim with matching grey suitcases. After displaying his ticket and identification, Espinosa told the agents he was in town for a two-week vacation, but could not name the hotel he would be staying at. He also stated that, although the two suitcases were his, he had not packed them.

Espinosa then consented to the agents' request to search his bags; the agents found

bricks of a white substance later determined to be approximately 41 kilograms of cocaine.

Espinosa explained to the agents that he had been hired in Puerto Rico by a friend named

"Abel" to deliver the suitcases in exchange for $3,000 to $5,000.[1]

On February 9, 2004, Espinosa pleaded guilty to one count of possession with

intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(A). At sentencing, the District Court calculated a guideline range of

108 to 135 months.[2] The Court recognized, however, that a statutory minimum required

that it sentence Espinosa to at least 120 months in prison. Espinosa asked the Court to

sentence him pursuant to the safety valve provision, 18 U.S.C. § 3553(f), under which he

could receive a guideline-range sentence "without regard for the statutory minimum

sentence." United States v. Sabir, 117 F.3d 750, 751 (3d Cir. 1997).

Before the District Court, the parties disputed whether the safety valve provision

was applicable.[3] Specifically, the government contested whether Espinosa had "truthfully

---

[1] Another man, Gilberto Velez, was also apprehended that day in connection with the task force's operations at Philadelphia's airport.

[2] This range was based on a total offense level of 31 and a Criminal History Category of I.

[3] The five requirements for application of the safety valve provision are:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;

-3-

provided . . . all information and evidence the defendant has concerning the offense," as required by 18 U.S.C. § 3553(f)(5). The government explained his proffer as follows:

[T]he defendant stated that he had made a previous trip [to carry drugs] in August of 2003. That trip was from Puerto Rico. [H]is ultimate destination was to be . . . New York and the flight was to go through Orlando. . . . [W]hen the plane stopped in Orlando, [however,] he became afraid and he went back to Puerto Rico, [i.e., he] did not finish the trip. He did not know what eventually happened to the blue suitcase that he was to pick up in New York . . . .

[Espinosa] told the Government at his proffer that the same person who had hired him for . . . the first trip—a person he knows only as Abel—approached him about the second trip. He said that he was contacted on his cellular telephone. He has stated that he has never met this person Abel face to face . . . .

He said he has no idea who he was supposed to deliver the drugs to. He didn't know . . . what hotel he was going to or where he was staying and did not know how he was going to be paid later or how they were going to find him except that he was going to return to Puerto Rico after his trip and somehow be paid; and that he trusted these people to pay him and that these people who he never met face to face, and these people who he let down on the previous trip, trusted him not to leave with the drugs or sell the drugs.

---

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in [21 U.S.C. § 848]; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

-4-

App. at 26-28.

Defense counsel conceded that this was "an incredible story," but argued that Espinosa was "not a sophisticated drug dealer," and had no "street operation" or "drug connections." App. at 30. Espinosa himself explained that he told his contacts "that I was going to be lodged in the closest hotel and they told me to grab a cab and to tell the cab driver to take me to the nearest hotel and they were going to contact me there." App. at 36. He also stated that he had never seen the luggage containing the cocaine before arriving in Philadelphia; instead, he had simply been told over the phone to look for two dark grey suitcases upon arrival.

The District Court ruled that Espinosa had failed to truthfully provide the government with all information regarding his offense. Specifically, it found that he failed to disclose complete information about how he had become involved in the drug transaction.[4] Thus, finding the safety valve provision inapplicable, the Court imposed the mandatory minimum sentence of 120 months in prison.

## II.

On appeal, Espinosa argues that his proffer "was truthful even though it was bizarre and, therefore, the District Court erred in not sentencing him under the safety valve provision." Br. at 11. Espinosa had the burden of establishing that he was entitled

---

[4] The District Court stated: "I rely on your failure to disclose information with respect to what occurred in Puerto Rico before your boarding of the plane to Philadelphia. I find that you clearly knew more than you have disclosed to the Government with respect to that aspect of the transaction." App. 41.

to the benefit of the provision.  Sabir, 117 F.3d at 754.  In our view, there is no basis to disturb his sentence.[5]

The District Court was in the best position to assess the completeness and veracity of Espinosa's account of his offense, and it did so more than adequately.  The Court listened to the government's version of the proffer, as well as that of defense counsel and Espinosa.  It carefully questioned both the government and Espinosa about why someone would attempt to smuggle approximately $800,000 worth of cocaine into Philadelphia for people he had never met, and why those people would trust Espinosa with such an undertaking.  Espinosa's vague responses to these questions strain credulity.  Having reviewed the record of the sentencing proceeding, we do not believe the District Court clearly erred in finding that Espinosa had more information than he relayed to the government.  As a result, and for the thorough and persuasive reasons stated by the Court in the record, we conclude that the District Court properly ruled that Espinosa failed to qualify for application of the safety valve provision.[6]

Accordingly, we will affirm.

---

[5] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, United States v. Navarro, 476 F.3d 188, 191 (3d Cir. 2007).  We review legal conclusions de novo and factual findings for clear error.  Sabir, 117 F.3d at 752.

[6] Espinosa also argues on appeal that the District Court erroneously considered the sentencing guidelines to be mandatory, in violation of United States v. Booker, 543 U.S. 220 (2005).  Espinosa, however, was sentenced to the statutory minimum under 21 U.S.C. § 841(b)(1)(A); we therefore reject his contention.  See United States v. Williams, 464 F.3d 443, 449 (3d Cir. 2006).