

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2007

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2436

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Smith" (2007). *2007 Decisions.* Paper 279.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/279

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2436
_____

UNITED STATES OF AMERICA,

v.

CHRISTOPHER SMITH,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 02-cr-00172-26)
District Judge: Honorable Stewart Dalzell

Submitted Under Third Circuit LAR 34.1(a)
October 23, 2007

Before: SLOVITER, CHAGARES and HARDIMAN, Circuit Judges.

_____

(Filed: November 1, 2007)

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Christian Smith appeals his conviction and sentence stemming from his participation in a vast drug-dealing operation. For the reasons expressed below, we will affirm in part, vacate in part, and remand the matter to the District Court.

I.

Appellant Christopher Smith, along with 36 co-conspirators, participated in a massive cocaine and cocaine base (crack) conspiracy spanning Philadelphia, Western Pennsylvania, Delaware, and other locations. From 1997 through 2002, the conspiracy, conservatively estimated, distributed approximately 600 kilograms of cocaine and 400 kilograms of cocaine base. The conspiracy also occasioned a variety of substantive drug possession and drug distribution crimes and numerous acts of violence, including murder. For his role in the operation, a jury convicted Smith on three counts: conspiracy to distribute cocaine and cocaine base (Count One), and two counts of possession of a firearm in furtherance of a drug trafficking crime (Counts 119 and 121).

Subsequently, the District Court made various findings of fact and ultimately sentenced Smith to life imprisonment plus terms of five and 25 years, to run consecutively. Smith now appeals on three grounds. He claims that the judicial fact-finding during his sentencing violated United States v. Booker, 543 U.S. 220 (2005), that the wrongful fact-finding subjected him to double jeopardy and cruel and unusual punishment, and that there was insufficient evidence of the possession of firearms used in furtherance of a drug trafficking crime. While Smith's arguments concerning Counts 119

and 121 are meritless, the Government concedes that the Court wrongfully applied a mandatory Guidelines regime in sentencing Smith on Count One. Accordingly, we will affirm the judgment of sentence as to Counts 119 and 121, but we will vacate the judgment of sentence as to Count One, and remand for resentencing in accordance with Booker.

## II.

Smith's appeal of Counts 119 and 121 on sentencing grounds fails as the District Court properly determined facts relevant to sentencing. Contrary to Smith's contention, judicial fact-finding during sentencing is appropriate, so long as the District Court does not apply the resulting Guidelines level in a mandatory fashion and the final sentence does not exceed the statutory maximum. United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006); United States v. Giaguinto, 441 F.3d 195, 196 (3d Cir. 2006). Here, the District Court met those two requirements. First, the Court did not apply a sentence under the Guidelines to the firearm possession convictions at all, mandatory or otherwise, instead sentencing Smith according to the statutory mandatory minimum under 18 U.S.C. § 924(c)(1)(A). See United States v. Williams, 464 F.3d 443, 449 (3d Cir. 2006). That statute provides for a five-year minimum sentence for possession of a firearm in furtherance of a drug trafficking offense, and a 25-year minimum sentence for a second such conviction. 18 U.S.C. § 924(c)(1)(A). Second, the jury verdicts as to Counts 119 and 121 authorized penalties of life imprisonment. As the Court found facts supporting sentences of five and 25 years—below the maximum sentences authorized by the jury

3

verdict—the resulting sentences were in accordance with prevailing caselaw. See Williams, 464 F.3d at 449 (citing Harris v. United States, 536 U.S. 545 (2002) ("[A] judge may make findings of fact that increase a defendant's mandatory minimum sentence as long as those findings do not extend the sentence beyond the maximum authorized by the jury's verdict.")).

Smith's sentence as to Count One, however, fails to adhere to these requirements. The Government concedes that the District Court sentenced Smith under the mandatory Guidelines regime then in effect (not under any applicable mandatory minimum, as above). We held in United States v. Davis, 407 F.3d 162, 165 (3d Cir. 2005) (en banc) that where a district court applies the Guidelines in a mandatory fashion, prejudice is presumed and a remand for resentencing is required. Accordingly, we will vacate the judgment of sentence as to Count One and remand for resentencing in accordance with Booker.

### III.

Smith's final argument on appeal—that there was insufficient evidence for the jury to convict him of both counts of possession of a firearm in furtherance of a drug trafficking crime—fails as well. When deciding whether a jury verdict rests on legally sufficient evidence, the court must view the evidence in the light most favorable to the Government and sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998). Given the incriminating testimony by Smith's co-

4

conspirators, the ballistics evidence, the testimony of the medical examiner, the corroboration by eyewitnesses, and even the recovery of the firearms used during the incident on February 26, 2000, the jury was amply justified in finding that Smith was guilty of possessing a firearm in furtherance of a drug conspiracy on the two occasions charged.  See United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990).

## IV.

For these reasons we will affirm in part, vacate in part, and remand to the District Court for further proceedings consistent with this opinion.

_____