

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-17-2008

# USA v. Sease

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4435

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Sease" (2008). *2008 Decisions.* Paper 1729.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1729

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-4435

———

UNITED STATES OF AMERICA

v.

REGINALD SEASE,
                              Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(District Court Criminal Action No. 04-cr-894)
District Judge: Honorable Freda L. Wolfson

———

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2007

Before: SLOVITER and AMBRO, Circuit Judges, and POLLAK,[*] District Judge

(Filed:  January 17, 2008)

———

OPINION

———

POLLAK, District Judge

    Defendant-appellant Reginald Sease was charged in a superseding indictment with

one count of conspiracy to rob the Minolta National Bank, in violation of 18 U.S.C.

———

[*]  Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

§ 371, one count of bank robbery, in violation of 18 U.S.C. § 2113, and one count of serving as an accessory after the fact of the robbery, in violation of 18 U.S.C. § 3. Pursuant to a jury trial, Sease was convicted of conspiracy but acquitted of robbery; the jury was instructed not to deliberate on the accessory charge if it convicted on either of the preceding counts. Sease timely appealed the conspiracy conviction, arguing that the jury instruction erroneously failed to clarify the nature of the conspiracy for which he was charged and misstated the number of overt acts listed in the conspiracy count. We reject these contentions and affirm the District Court's judgment.

## I.

Because we write for the parties, we summarize only those facts most significant to our determination. William Brantley, the government's central witness at trial, robbed the Minolta National Bank. Sease drove Brantley to the robbery and waited in the car while the robbery was being committed. Brantley entered the bank and held a teller at gunpoint. He took a sum of cash, but also, inadvertently, a "dye pack." As Brantley was fleeing to the car, the dye pack exploded, emitting tear gas and soaking the cash with red ink. Brantley leapt into the car, and Sease drove away.

After his arrest, having waived his *Miranda* rights, Sease said to the police that he had believed that he was driving Brantley to rob not a bank, but, rather, "some Mexicans." The government referred to this confession in its opening statement at trial, describing it as "creatively false." The confession was admitted into evidence, but neither

2

party referred to it again until Sease's counsel addressed it in his closing argument.

The District Court charged the jury prior to the closing arguments. The instruction did not allude to Sease's statement to police that he had believed Brantley to be robbing "some Mexicans," or otherwise address the possibility that Sease had imagined himself to be taking part in a crime other than bank robbery. The charge made clear, however, that a single conspiracy was at issue. Specifically, the charge stated, in language that closely parallels that of the indictment, that the conspiracy count against Sease was that he "did knowingly and wilfully conspire and agree with William Brantley, and others, to rob the Minolta National Bank."[1] In going on to describe the elements of conspiracy, the charge consistently referred to the count against Sease as "the," rather than "a," conspiracy.

However, the jury charge misstated the number of overt acts in the conspiracy count. The original indictment listed nine acts committed in furtherance of the conspiracy, any one of which would have established the "overt act" requirement of 18 U.S.C. § 371. The superseding indictment listed only six overt acts. The jury instruction

---

[1] The superseding indictment stated that:

> [T]he defendant, Reginald Sease, did knowingly and wilfully conspire and agree with William Brantley and others to knowingly and willfully, by force and violence, and by intimidation, take from the person and presence of employees of the Minolta National Bank, Bridgeton, New Jersey, money belonging to, and in the care, custody, control, management and possession of Minolta National Bank . . . .

Superseding Indictment ¶ 2.

3

mistakenly stated: "You will see in Count 1 of the indictment that nine overt acts are alleged." The court's mistake seems to have gone unnoticed by counsel, because neither the government nor the defense requested a correction.

## II.

As we noted above, the jury found Sease guilty of conspiracy to rob the bank, but acquitted him of bank robbery.[2] On appeal, Sease contends that the District Court's charge was flawed in two respects. First, Sease argues that, in light of his pretrial confession, the charge failed to make clear that he could only be found guilty of the conspiracy alleged in the indictment, conspiracy to rob the Minolta National Bank, and not some other conspiracy. Second, he contends that his conviction is tainted because of the District Court's misstatement as to the number of overt acts alleged in the indictment.

Because Sease failed to raise either of these arguments before the District Court, we review for plain error. *See United States v. Williams*, 464 F.3d 443, 445 (3d Cir. 2006). So constrained, this appellate court may only set the verdict aside if it finds an error that is plain and that affected "substantial rights" and "'the fairness, integrity, or public reputation of judicial proceedings.'" *Id*. (quoting *U.S. v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001)).

---

[2] Sease's challenge to his conviction does not rest on a contention that the verdicts were inconsistent. "Where there has been an inconsistent verdict, the criminal defendant is protected against jury irrationality and error by a review of the sufficiency of the evidence." *United States v. Vastola*, 989 F.2d 1318, 1331 (3d Cir. 1993). Sease is not contesting the sufficiency of the evidence underlying his conviction.

i.

We do not find plain error in the charge's omission of a reference to Sease's confession. A defendant is entitled to a jury instruction "'as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor.'" *Government of the Virgin Islands v. Fonseca*, 274 F.3d 760, 766 (3d Cir. 2001) (quoting *Virgin Islands v. Isaac*, 50 F.3d 1175, 1180 (3d Cir.1995) (internal quotation omitted)). On appeal, Sease articulates such a defense: If the jury was attentive to Sease's confession, it is conceivable that the conspiracy it found him guilty of was a conspiracy to rob "some Mexicans" — not the conspiracy to rob a bank as charged in the indictment. And there is the alternate possibility that some jurors, in voting to convict, could have found him guilty of conspiring to rob the bank, while other jurors, in voting to convict, could have had in mind a conspiracy to rob "some Mexicans" — a jury verdict scenario that would contravene the requirement that a verdict be unanimous.

We find no plain error, however, in the District Court's conspiracy charge. Indeed, we find no error at all. The language of the instruction makes clear that the conspiracy count against Sease was that he "did knowingly and wilfully conspire and agree with William Brantley, and others, to rob the Minolta National Bank," and is unambiguous in referring to a single, discrete conspiracy. Thus the instruction did not, by its terms, leave jurors at liberty to find Sease culpable for a conspiracy other than the one alleged in the

5

indictment.

ii.

We further hold that the jury charge's misstatement of the number of overt acts alleged in the indictment does not warrant reversal. When a court reviews for plain error, "only those errors that 'undermine the fundamental fairness of the trial and contribute to a miscarriage of justice' will be reversed." *Fonseca*, 274 F.3d at 765 (quoting *Virgin Islands v. Smith*, 949 F.2d 677, 681 (3d Cir. 1991)). Here, despite the District Court's misstatement, the jury was presented with a superseding indictment listing only six events that could satisfy the "overt act" requirement of § 371. Neither the District Court nor the government told the jury that the "overt act" requirement could be satisfied by some act other than those listed in the superseding indictment. Furthermore, the District Court made it clear that the jury must unanimously find that a specific overt act was committed. Considering "the totality of the instructions," *id.* at 767 (quoting *United States v. Coyle*, 63 F.3d 1239, 1245 (3d Cir.1995)), we conclude that the misstatement did not "undermine the fundamental fairness of the trial" or "contribute to a miscarriage of justice." *Id.* at 765.

Accordingly, we will affirm the District Court's judgment.

_____