

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2007

# USA v. Goggans

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4280

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Goggans" (2007). *2007 Decisions.* Paper 77.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/77

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4280

UNITED STATES OF AMERICA

v.

LACY J. GOGGANS,
Appellant
(D.C. Crim. No. 02-cr-00320-1)

No. 03-4281

UNITED STATES OF AMERICA

v.

TRENELL J. COLEMAN,
Appellant
(D.C. Crim. No. 02-cr-00320-3)

No. 03-4480

UNITED STATES OF AMERICA

v.

RYAN J. WASHINGTON,
Appellant
(D.C. Crim. No. 02-00320-4)

No. 04-1262

UNITED STATES OF AMERICA

v.

RONALD BLACKWELL,
                    Appellant
(D.C. Crim. No. 02-cr-00320-2)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
District Judge:  The Honorable Anne E. Thompson

Submitted Under Third Circuit LAR 34.1(a)
November 27, 2007

Before: BARRY, FUENTES and GARTH, Circuit Judges

(Opinion Filed:  December 13, 2007)

OPINION

BARRY, Circuit Judge

On September 12, 2002, a federal grand jury sitting in Trenton, New Jersey

returned a second superseding indictment ("the indictment") charging Lacy Goggans,

Ronald Blackwell, Trenell Coleman, and Ryan Washington with one count of conspiracy

to commit bank robberies in violation of 18 U.S.C. § 1951, one count of attempted bank

robbery in violation of 18 U.S.C. §§ 2113(a) and 2, and two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 2. The indictment also charged Goggans, Coleman, and Washington with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 2. Following a jury verdict of guilty on all counts, the District Court sentenced Goggans, Blackwell, Coleman, and Washington to terms of imprisonment of 594-months (49 years, 6 months), 444-months (37 years), 572-months (47 years, 8 months), and 619-months (51 years, 7 months), respectively. Each sentence included two mandatory-consecutive sentences totaling 32 years: a 7-year sentence for using and carrying a firearm in the course of the conspiracy, and a 25-year sentence for using and carrying a firearm in the course of the attempted robbery.

Appellants raise a number of issues on appeal.[1] First, they challenge seven of the District Court's evidentiary rulings. Specifically, appellants claim that the District Court erred by: (a) denying their motions to suppress physical evidence seized from their persons and vehicles during the course of their arrests; (b) allowing the government to introduce expert testimony regarding fingerprint comparison and analysis; (c) permitting the government to introduce expert testimony concerning DNA evidence; (d) excluding the lay opinion testimony of New York City Police Officer Mark Grogan; (e) allowing the

---

[1] We have jurisdiction to review the convictions pursuant to 28 U.S.C. § 1291 and the sentences pursuant to 18 U.S.C. § 3742(a).

government to admit into evidence a newspaper clipping with a bank surveillance photo showing Washington using a stolen ATM card; (f) allowing the government to introduce expert testimony respecting the *modus operandi* of the nine bank robberies; and (g) limiting and then subsequently striking portions of the testimony of a fingerprint expert called by the defense.

Second, appellants argue that the evidence as to one or more counts was insufficient. Third, appellants assert that the District Judge improperly conveyed an opinion of guilt to the jury by exhibiting clear bias against them throughout the course of the trial. Fourth, appellants challenge their sentences. The primary sentencing issues raised are: (a) whether the phrase "any crime of violence" contained in 18 U.S.C. § 924(c) is ambiguous as to the allowable unit of prosecution; (b) whether the District Court erred by imposing two mandatory consecutive sentences totalling 32 years on each of them pursuant to 18 U.S.C. § 924(c); and (c) whether the District Court erred, when sentencing them, by treating the United States Sentencing Guidelines as mandatory.[2]

We have carefully reviewed the record and find that appellants' judicial bias and evidentiary arguments are without merit. We also believe that there was ample evidence to support the jury's finding of guilt on each count. We will, therefore, affirm the judgments of conviction.

---

[2] Appellants also raise a host of other Guidelines-related sentencing issues. Because we must remand for resentencing under the Guidelines, we decline to address these issues in this appeal.

4

As for the sentences, the government concedes that the District Court sentenced appellants for their conspiracy, attempted bank robbery, and felon in possession of a firearm[3] convictions by mandatorily applying the United States Sentencing Guidelines in violation of *United States v. Booker*, 543 U.S. 220 (2005).[4]  Therefore, pursuant to *United States v. Davis*, 407 F.3d 162, 165-66 (3d Cir. 2005) (en banc), we will vacate the sentences as to those convictions and remand for resentencing.

Notwithstanding our holding that the District Court must resentence the defendants under *Booker* on the conspiracy, attempted bank robbery, and felon in possession of a firearm convictions, we will affirm the District Court's imposition of both the 7-year mandatory-consecutive sentences and the 25-year mandatory-consecutive sentences based on each of their two convictions under 18 U.S.C. § 924(c) for using and carrying a firearm in relation to a crime of violence.  *See United States v. Williams*, 464 F.3d 443, 449 (3d Cir. 2006) (vacating sentence imposed for conspiracy conviction and remanding for resentencing pursuant to *Booker*, but affirming 10-year sentence imposed pursuant to 18 U.S.C. § 924(c) for discharging a firearm in furtherance of a drug trafficking offense because it was a statutorily required mandatory minimum, not a sentence imposed pursuant to the Guidelines).  The District Court did not err in imposing these sentences.

---

[3] We note that Blackwell was not indicted for being a felon in possession of a firearm, and thus was not convicted of nor sentenced for this offense.

[4] Goggans, Coleman, and Washington were sentenced on October 14, 2003, while Blackwell was sentenced on January 16, 2004.  The Supreme Court did not file its opinion in *Booker* until January 12, 2005.