**UNITED STATES of America**

v.

**Ryan J. WASHINGTON, Appellant in No. 08–2876.**

---

United States of America

v.

**Ronald Blackwell, Appellant in No. 08–3067.**

Nos. 08–2876, 08–3067.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on January 29, 2010.

Filed: March 18, 2010.

George S. Leone, Esq., Samuel A. Stern, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Charles E. Waldron, Esq., Lawrenceville, NJ, Edward J. Crisonino, Esq., Westmont, NJ, for Appellant

Ryan J. Washington, Jonesville, VA, pro se.

Ron Blackwell, Ray Brook, NY, pro se.

Before: RENDELL and JORDAN, Circuit Judges, and PRATTER,* District Judge.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Following a jury trial in April 2003, Appellants Ryan Washington and Ronald Blackwell, along with their two co-defendants,[1] were convicted of various federal

---

* Honorable Gene E.K. Pratter, Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. The two co-defendants were Trenell Coleman and Lacy Goggans. We recently dismissed Coleman's appeal following re-sentencing. *See United States v. Coleman,* 575 F.3d 316 (3d Cir.2009). Goggans' appeal

crimes related to a string of nine (a tenth was attempted) armed bank robberies.[2] Washington was sentenced to 619 months, and Blackwell was sentenced to 444 months of imprisonment. Both sentences included a mandatory consecutive 7–year term of imprisonment pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), and a mandatory consecutive 25–year term of imprisonment pursuant to 18 U.S.C. § 924(c)(1)(C)(i).

We affirmed the convictions on direct appeal, concluding "that there was ample evidence to support the jury's finding of guilt on each count." *United States v. Goggans*, 257 Fed.Appx. 515, 517 (3d Cir. 2007). We also concluded that "[t]he District Court did not err in imposing" the two sentence enhancements pursuant to § 924(c). *Id.* at 518. We remanded to the District Court, however, for the sole purpose of resentencing on the substantive crimes of conviction in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Consequently, the District Court resentenced Washington to 444 months of imprisonment, and it re-imposed Blackwell's original sentence. Both Washington and Blackwell appealed.[3]

Counsel for Blackwell has filed a brief in support of his appeal. Counsel for Washington, on the other hand, has filed a motion to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that no non-frivolous issues exist for appeal. Washington has not filed a pro se brief. We separately address the appeals of Blackwell and Washington, in that order.

from the denial of his motion to reduce his sentence is pending. *See* CA No. 09–1010.

**2.** These crimes included conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951; attempted bank robbery, in violation of 18 U.S.C. § 2113(a); and two

**Blackwell's Appeal**

Blackwell argues that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), he should not have received two mandatory consecutive § 924(c) sentences because "[t]he jury verdict in this case does not make clear whether or not the jury found beyond a reasonable doubt that the defendant used a gun in two crimes of violence." This claim was asserted in Blackwell's previous appeal, and we rejected it.

Blackwell misunderstands the scope of this second appeal. The only issue before us is whether he was properly resentenced for the substantive crimes of conviction under *Booker* and its progeny. *See Coleman*, 575 F.3d at 318, 321. Thus, Blackwell's claim in the current appeal is improperly raised, and we do not reach the merits.

**Washington's Appeal**

As noted above, counsel for Washington has moved to withdraw, filing an *Anders* brief. We ask two questions when presented with an *Anders* brief: (1) whether the brief is adequate on its face; and (2) whether our independent review of the record reveals any issues that are not frivolous. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). An *Anders* brief will be deemed adequate if the Court is satisfied that counsel has "thoroughly examined the record in search of appealable issues" and explained why the issues are frivolous. *Id.* Where counsel's *Anders* brief is adequate, we confine our inquiry to issues raised by counsel and by the defendant in his pro se brief. *Id.* at 301.

counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and (2).

**3.** We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

# 343

Here, because counsel's *Anders* brief does not address the substantive or procedural reasonableness of Washington's new sentence, we find the brief inadequate on its face. *See Coleman,* 575 F.3d at 319.[4] True, counsel "need not raise and reject every possible claim." *Youla,* 241 F.3d at 300. But, just as we stated in reference to Blackwell's appeal, the only issues that could properly be raised in Washington's appeal concern either the legality of the sentence imposed by the District Court, or of the nature of the resentencing hearing, following our remand. As a result, we cannot say that counsel's brief demonstrates a "conscientious examination" of the record. *Id.* Nevertheless, we will not appoint new counsel, as we do not need further assistance; after independent review of the record, we are satisfied that Washington's appeal is patently frivolous. *See United States v. Marvin,* 211 F.3d 778, 781 (3d Cir.2000) (stating that even where counsel's *Anders* brief is inadequate, a court may still dismiss the appeal if its frivolousness is patent).

We can find no basis to conclude that the District Court abused its discretion in resentencing Washington, whereby his term of imprisonment was reduced from 619 to 444 months. The District Court engaged in the three-step sentencing analysis we prescribed in *United States v. Gunter,* 462 F.3d 237, 247 (3d Cir.2006). It followed the procedures announced in *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), by giving meaningful consideration to the pertinent sentencing factors embodied in 18 U.S.C. § 3553(a). And the District Court provided adequate justification for the new sentence, which is both below the statutory maximum and reasonable. *See United States v. Cooper,* 437 F.3d 324, 327–28 (3d Cir.2006). As a result, Washington can raise no non-frivolous issues with respect to the legality of his new sentence.

**Conclusion**

In sum, counsel for Blackwell has failed to provide us with a viable reason to question the District Court's resentencing, and our independent review of the record yields no non-frivolous issues in Washington's appeal.

Accordingly, we will AFFIRM the amended Judgment and Conviction Orders of the District Court and, in a separate order, will GRANT the motion of Washington's counsel to withdraw.[5]

---

4. Counsel notes only that the resentencing hearing complied with Fed.R.Crim.P. 32, and that the imposition of two separate § 924(c) sentence enhancements was not improper.

5. We also conclude that Washington's appeal lacks legal merit for the purposes of filing a petition for writ of certiorari in the United States Supreme Court. *See* Third Circuit LAR 109.2(b).