NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1010
_____

UNITED STATES OF AMERICA

v.

LACY J. GOGGANS,

Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cr-320-1)
District Judge:  Hon. Anne E. Thompson

_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2010

Before:  RENDELL, JORDAN and GREENAWAY, JR., *Circuit Judges*.

(Filed:  July 14, 2010)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Lacy Goggans appeals from a judgment of the United States District Court for the

District of New Jersey sentencing him to 492 months of imprisonment, which is a

significant downward variance from the bottom of the sentencing range prescribed by the

United States Sentencing Guidelines. Goggans's sole argument on appeal is that his sentence is substantively unreasonable because the Court should have granted an even larger downward variance in light of his familial circumstances, his purported rehabilitative efforts, and his allegedly minor role in the crimes for which he was convicted. We disagree with that argument and will therefore affirm the sentence imposed by the District Court.

## I.    Background

This case is before us on appeal for the second time. Goggans and three co-defendants – Ronald Blackwell, Trenell Coleman, and Ryan Washington – were indicted for various offenses relating to nine violent bank robberies perpetrated between December 2000 and April 2002, and the attempted robbery of a tenth bank. In a prior opinion, we affirmed Goggans's convictions, after a jury trial, for conspiracy to commit bank robberies in violation of 18 U.S.C. § 1951; attempted bank robbery in violation of 18 U.S.C. § 2113(a); two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and one count of being a felon-in-possession in violation of 18 U.S.C. § 922(g). *United States v. Goggans*, 257 F. App'x 515, 517 (3d Cir. 2007). We likewise affirmed his co-defendants' convictions for the same offenses. *Id.*

The District Court initially sentenced Goggans to 594 months of imprisonment, which included two mandatory consecutive sentences on the § 924(c) convictions – a 7-

year sentence for using and carrying a firearm in the course of the conspiracy and a 25-year sentence for using and carrying a firearm in the course of the attempted robbery. We vacated and remanded for resentencing on the conspiracy, attempted bank robbery, and felon-in-possession convictions because the District Court treated the United States Sentencing Guidelines as mandatory, in violation of *United States v. Booker*, 543 U.S. 220 (2005). *Goggans*, 257 F. App'x at 517-18. However, we affirmed the District Court's imposition of the mandatory minimum consecutive sentences on the two § 924(c) convictions.[1] *Id.* at 518.

On remand, an updated presentence report ("PSR") was prepared, which included a recommended Guidelines calculation with a sentencing range of 210 to 266 months based upon an offense level of 33 and a criminal history category of V.[2] Accounting for the mandatory consecutive sentences on the two § 924(c) counts, the range rose to 594 to 650 months. Despite our earlier ruling, Goggans argued at resentencing that his sentences on the § 924(c) convictions should run concurrently with his Guidelines sentence. He requested a total sentence of 210 months – the bottom end of the Guidelines range without regard to the § 924(c) crimes – which he believed was appropriate in light of his

---

[1]We similarly remanded Washington, Coleman, and Blackwell's cases for resentencing on the conspiracy and attempted bank robbery convictions and, where applicable, any felon-in-possession convictions, but affirmed their sentences on the § 924(c) convictions. *Goggans*, 257 F. App'x at 517-18.

[2]Goggans does not challenge the calculation of his Guidelines range.

rehabilitative efforts while incarcerated, including taking a real estate course, and the fact that he has several children who rely on him.

In assessing the relevant factors pursuant to 18 U.S.C. § 3553(a), the Court specifically acknowledged the seriousness of the offense, focusing on the need to protect society from violent criminals like Goggans. However, the Court expressed its intent to vary below the Guidelines range because it viewed the total overall sentence as unnecessarily harsh due to the impact of the mandatory consecutive sentences. The Court also stated that it would give Goggans a higher sentence than his co-defendants, all of whom received sentences of 444 months after remand, based on its conclusion that Goggans "was more of a leader than the others." (App. at 33.) Ultimately, the Court sentenced Goggans to a total of 492 months of imprisonment, including the mandatory consecutive sentences, in addition to supervised release and restitution. Goggans timely appealed.

II.     **Discussion**[3]

Goggans's sole argument on appeal is that his 492-month sentence is substantively unreasonable and that the District Court should have granted an even larger downward variance.[4] Since Goggans does not argue that his sentence is procedurally unreasonable,

---

[3]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over Goggans's appeal pursuant to 18 U.S.C. § 3742(a).

[4]Goggans uses the term "downward departure" in his brief, but it appears that he is really referring to a downward variance. As we have explained, "[d]epartures are enhancements of, or subtractions from, a guidelines calculation 'based on a specific

4

we will confine our review to substantive reasonableness, which Goggans bears the burden of challenging. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) ("[T]he party challenging the sentence has the burden of demonstrating unreasonableness."). Review for substantive reasonableness requires a "totality of the circumstances" approach, pursuant to which we accord great deference to the district court's "determination that the § 3553(a) factors, on a whole, justify the sentence." *Id.* at 567-68 (quotations omitted). Accordingly, "we will affirm [a sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568; *see also United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008) (noting that the abuse of discretion standard "gives district courts broad latitude in sentencing").

Goggans points to several factors that he believes warrant a lesser sentence: his three children; his rehabilitative efforts while incarcerated, including taking a real estate

---

Guidelines departure provision.'" *United States v. Brown*, 578 F.3d 221, 225 (3d Cir. 2009) (quoting *United States v. Vampire Nation*, 451 F.3d 189, 195 n.2 (3d Cir. 2006)). A departure requires "a motion by the requesting party and an express ruling by the court." *Id.* "Variances, in contrast, are discretionary changes to a guidelines sentencing range based on a judge's review of all the § 3553(a) factors ... ." *Id.* at 226. Goggans does not identify any particular provision of the Guidelines that warrants a departure and instead argues that the District Court should have granted him a lesser sentence because of certain factors impacting the § 3553(a) analysis. Thus, we conclude that he is making an argument that he should have received a downward variance, not a downward departure.

class and working as an orderly;[5] his self-described minor role in the bank robberies; and his co-defendants' lesser sentences. The District Court, which presided at the lengthy trial of this case and which is intimately familiar with the facts, concluded that Goggans played a leadership role in orchestrating the robberies at issue. The Court recognized that Goggans was incarcerated during two of the nine robberies, as he points out, but apparently found that fact to be immaterial since the conspiracy involved "an overall string" of nine bank robberies and an attempted tenth robbery. (App. at 30.) In addition, while Goggans points out that he was not observed inside the banks, that does not mean that he did not play a leadership role in the conspiracy. Indeed, the District Court observed that Goggans's "distancing himself from the most vulnerable position of going inside the bank and brandishing the weapons" revealed that he was the more sophisticated defendant of the group. (App. at 33.) That is not an unreasonable conclusion. Thus, it was not an abuse of discretion for the Court to impose a greater sentence on Goggans than his co-defendants, in recognition of that role. *See United States v. Parker*, 462 F.3d 273, 277-78 (3d Cir. 2006) (holding that district court's differential sentencing of co-defendants was reasonable because co-defendants were not similarly situated).

---

[5]Despite Goggans's assertion that he has been "working very hard to rehabilitate himself" while he has been incarcerated (Appellant's Op. Br. at 15), the PSR reveals that Goggans was punished in prison for four incidents, including an assault with serious injury and possession of a dangerous weapon.

Our review reveals that the District Court engaged in a careful and appropriate analysis of the § 3553(a) factors and properly concluded that a lengthy sentence was warranted in light of the violent nature of the offense and the need to protect society, given Goggans's substantial criminal history. In fact, the District Court exhibited considerable leniency, granting Goggans a 102-month downward variance to avoid an even greater sentence. Goggans's disagreement with the extent of the Court's variance is insufficient to show that the Court abused its discretion. *See United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007) ("Nor do we find that a district court's failure to give mitigating factors the weight a defendant contends they deserve renders the sentence unreasonable.").

## III. Conclusion

We conclude that the sentence imposed by the District Court is reasonable and we will therefore affirm the Court's judgment.