**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2239
_____

LACY J. GOGGANS,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. Action No. 3-11-cv-06776)
District Judge: Honorable Anne E. Thompson
_____

Argued September 9, 2014
_____

Before: RENDELL, GREENAWAY, JR. and SLOVITER, *Circuit Judges*.

(Opinion Filed:  October 27, 2014)


Carolyn E. Isaac, Esq. [ARGUED]
Stuart T. Steinberg, Esq.
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA 19104

*Counsel for Appellant*

Mark E. Coyne, Esq.
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102

Glenn J. Moramarco, Esq. [ARGUED]
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street
Camden, NJ 08101

       *Counsel for Appellee*

_____

OPINION

_____

GREENAWAY, JR., *Circuit Judge*.

In his motion filed pursuant to 28 U.S.C. § 2255, Lacy J. Goggans ("Goggans") sought relief on multiple grounds, all of which were denied by the District Court. This Court granted a certificate of appealability on two related questions: "(1) whether trial counsel was ineffective for failing to object to the District Court's failure to submit [the conspiracy count] on special interrogatories or, in the alternative, for failing to request submission on special interrogatories, and (2) whether counsel was ineffective for failing to raise these same claims on appeal." (J.A. 28.) For the reasons set forth below, we will affirm the District Court's order.

## I.     **Background Facts**

We write primarily for the benefit of the parties and recount only the essential

2

facts.

Lacy Goggans, along with co-defendants Ronald Blackwell, Trenell Coleman, and Ryan Washington, were indicted for various offenses relating to nine violent bank robberies and the attempted robbery of a tenth bank. Goggans was convicted of conspiracy to commit bank robbery; attempted bank robbery; two counts of using and carrying a firearm during and in relation to a crime of violence; and one count of being a felon-in-possession. On direct appeal, a panel of this Court affirmed his conviction and the two mandatory 18 U.S.C. § 924(c) sentencing enhancements, but remanded for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Goggans*, 257 F. App'x 515, 517-18 (3d Cir. 2007). After resentencing, we affirmed his judgment of conviction. *United States v. Goggans*, 386 F. App'x 171, 174 (3d Cir. 2010).

Goggans filed a motion pursuant to 28 U.S.C. § 2255, raising various issues. The District Court denied the motion and declined to issue a certificate of appealability. A motions panel of this Court granted a certificate of appealability on the two related claims of ineffective assistance of counsel.[1]

## II. Jurisdiction and Standard of Review

[1] In his opening brief, Goggans raises a question as to the sufficiency of the evidence and claims that "the District Court committed a fundamental error of law by improperly sentencing Goggans twice under § 924(c)." (Br. for Pet'r-Appellant 31.) Since these issues are beyond the scope of the certificate of appealability, we may not consider them. *Villot v. Varner*, 373 F.3d 327, 337 n.13 (3d Cir. 2004); *see also* 28 U.S.C. § 2253(c)(3); 3d Cir. L.A.R. 22.1 (2011).

3

The District Court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. "In a federal habeas corpus proceeding, we exercise plenary review of the [D]istrict [C]ourt's legal conclusions and apply a clearly erroneous standard to the court's factual findings. We review the District Court's denial of an evidentiary hearing in a *habeas* case for abuse of discretion." *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (internal citations and quotation marks omitted).

## III.    Analysis

Goggans argues that his counsel provided ineffective assistance by failing to request that the District Court submit to the jury special interrogatories on the conspiracy count. His second claim alleges that appellate counsel was ineffective for failing to raise this claim on direct appeal. According to Goggans, special interrogatories were needed to determine whether he had conspired to commit the completed robberies, the attempted robbery, or both.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test to evaluate ineffective assistance of counsel claims. The first part of the *Strickland* test "requires [a] showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The second part specifies that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "'The purpose of the

4

Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding.'" *Marshall v. Hendricks*, 307 F.3d 36, 107 (3d Cir. 2002) (quoting *Strickland*, 466 U.S. at 691-92). "Because under *Strickland* either prong can be dispositive, if we can conclude that there is no prejudice — i.e., that even if counsel had not failed in the ways alleged, there is no reasonable probability that the outcome would be different — our analysis would be at an end." *Id.*

On direct appeal Goggans argued that the criminal course of conduct included in the conspiracy count and the attempted robbery count "were not only continuous but involve[d] the same attempted bank robbery." (J.A. 1073). According to Goggans, "[a]ppellant's second conviction under § 924(c)(1) . . . involve[d] the same predicate offense included under the first conviction under § 924(c)(1) . . . and, thus, should be vacated." (*Id.* at 1074).

This Court has already reviewed the issue presented here and affirmed the two § 924 convictions and sentences. As a result, we can find no prejudice resulting from either trial counsel's or appellate counsel's performance.

## IV.    Conclusion

We conclude that Goggans failed to demonstrate ineffective assistance of counsel. We therefore will affirm the District Court's order.