**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2333
_____

UNITED STATES OF AMERICA,

v.

RYAN J. WASHINGTON,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 3-02-cr-00320-004)
District Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 11, 2023
_____

Before: CHAGARES, <u>Chief Judge</u>, SCIRICA and AMBRO, <u>Circuit Judges</u>

(Opinion filed: April 14, 2023)
_____

OPINION[*]
_____

---

[*]    This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Ryan Washington committed nine armed bank robberies and attempted a tenth in the early 2000s. After he was convicted of five counts related to the robberies and the attempted robbery at trial, he was sentenced to 619 months of imprisonment. Changes in the law since his initial sentencing, however, have resulted in Washington being resentenced two times, with the District Court most recently resentencing him to 384 months of imprisonment. He now appeals the judgment resulting from that resentencing, arguing that the District Court should have vacated certain convictions and that the sentence was substantively unreasonable. We agree that his conviction on one of the counts — carrying a firearm in relation to a crime of violence with attempted robbery as the predicate offense — must be vacated under recent Supreme Court decisions. We disagree with his remaining arguments. For the reasons explained below, we will vacate the judgment and remand for a full resentencing.

I.

We write solely for the parties and so recite only the facts necessary to our disposition. Between December 2000 and April 2002, Washington and his three co-defendants completed nine bank robberies. The bank robberies were violent: the group pointed guns at victims' heads, taped their mouths with duct tape, kicked and dragged victims, and took their personal items. They stole money from the teller drawers and forced bank employees to open the vaults. They were eventually caught fleeing an attempted tenth bank robbery, after they detected FBI surveillance.

In April 2003, following a trial lasting several weeks, a jury found Washington

2

guilty of the following five counts:

- Count 1:  Conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951;

- Count 2:  Carrying a firearm in relation to a crime of violence (Count 1) in violation of 18 U.S.C. § 924(c)(1);

- Count 3:  Attempted bank robbery in violation of 18 U.S.C. § 2113(a);

- Count 4:  Carrying a firearm in relation to a crime of violence (Count 3) in violation of 18 U.S.C. § 924(c)(1);

- Count 7:  Felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The District Court sentenced Washington to 619 months (51 years, 7 months) of imprisonment.  It reached that sentence after applying the U.S. Sentencing Guidelines, which were mandatory at the time.  Washington appealed his convictions and his sentence.  We affirmed the convictions, but remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005), an intervening change in law holding that the Sentencing Guidelines were advisory, not mandatory.  See United States v. Goggans, 257 F. App'x 515 (3d Cir. 2007).  The District Court resentenced Washington to 444 months (37 years) of imprisonment.  We affirmed.  See United States v. Washington, 371 F. App'x 340 (3d Cir. 2010).

Washington next filed a pro se habeas corpus petition, which the District Court dismissed as untimely.  In 2016, Washington filed a second habeas corpus petition, this time with counsel, alleging that, under intervening Supreme Court precedent, three of his convictions must be vacated.  Citing Johnson v. United States, 576 U.S. 591 (2015), we

3

certified the petition as a permissible second motion under 28 U.S.C. § 2255(h)(2), holding that Washington had made the required showing under the statute. That habeas petition was resolved by a consent order, with the Government conceding that Washington's conviction on Count 2 must be vacated and with Washington agreeing to voluntarily withdraw his remaining habeas challenges. The District Court then resentenced Washington to 384 months (32 years) of imprisonment.

Washington timely appealed both his new sentence and the voluntary resolution of his remaining habeas claims.

## II.

The District Court had jurisdiction to consider Washington's habeas petition under 28 U.S.C. §§ 1331 and 2255. Our appellate jurisdiction depends first on whether Washington's bases for his appeal qualify for certificates of appealability, which requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And for claims not covered in our certification of Washington's successive habeas petition under 28 U.S.C. § 2255(h)(2), our jurisdiction also depends on whether those grounds contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." See 28 U.S.C. § 2255(h)(2). For the reasons discussed below, we have jurisdiction over one of Washington's habeas claims, but we lack jurisdiction over his remaining habeas claims.

Washington has also appealed his new sentence as substantively unreasonable. The District Court had jurisdiction to impose the sentence under 18 U.S.C. § 3231 and we have jurisdiction to review the sentence under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

4

## III.

Washington argues, and the Government agrees, that under the Supreme Court's decisions in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), and <u>United States v. Taylor</u>, 142 S. Ct. 2015 (2022), his conviction on Count 4 — carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1), with attempted bank robbery serving as the predicate crime of violence — must be vacated. For attempted bank robbery to serve as a predicate offense for a § 924(c)(1) conviction, it must be a crime of violence under either the elements clause of 18 U.S.C. § 924(c)(3)(A) or the residual clause of 18 U.S.C. § 924(c)(3)(B). In <u>Taylor</u>, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under the elements clause. <u>Taylor</u>, 142 S. Ct. at 2021. And in <u>Davis</u>, the Supreme Court held that the residual clause is unconstitutional. <u>Davis</u>, 139 S. Ct. at 2236. The Government proposes, for purposes of this case only, that <u>Taylor</u>'s holding extends to attempted bank robbery. We accept the Government's proposition. Attempted bank robbery, therefore, cannot serve as a predicate crime of violence offense for Count 4. Given the lack of a valid predicate offense, Washington's conviction on Count 4 was improper.

But we can only vacate Washington's conviction on Count 4 if we have jurisdiction over that claim. We conclude that it is appropriate to issue a certificate of appealability here. Because the Supreme Court in <u>Taylor</u> held that attempted Hobbs Act robbery cannot satisfy the elements clause, that conviction can only stand under the unconstitutional residual clause. Washington, accordingly, has demonstrated "a substantial showing of the denial of a constitutional right," <u>see</u> 28 U.S.C. § 2253(c)(2),

5

qualifying him for a certificate of appealability.[1]  We therefore have jurisdiction over this claim, and we will vacate Washington's conviction on Count 4.

The Government argues that a full resentencing is appropriate, while Washington contends that we should remand to the District Court with instructions to vacate the 114 months of imprisonment associated with Count 4.  When the District Court resentenced Washington following the vacatur of Count 2, it undertook "a *de novo* resentencing as to all counts of conviction . . . under the theory that [it] would craft a disposition in which the sentences on the various counts form part of an overall plan."  Romansky v. Superintendent Greene SCI, 933 F.3d 293, 300 (3d Cir. 2019), as amended (Aug. 9, 2019) (citation omitted); see also App. 149–50 (stating that the District Court was resentencing Washington "afresh" on all the remaining counts of conviction).  To give the District Court the opportunity to revisit its "overall plan" now that Count 4 has also been vacated, we conclude that a full resentencing is appropriate.  We therefore will vacate Washington's judgment and remand for a full resentencing.

IV.

The Government argues that we lack jurisdiction over Washington's remaining habeas claims and that even if we had jurisdiction, those claims fail on their merits.  We agree.

Washington first argues that the District Court resentenced him outside the

---

[1] We need not certify this claim as a second § 2255 motion under 28 U.S.C. § 2255(h)(2) because the existing certification covers the same claim brought under the Supreme Court precedent existing at the time of the certification order.

6

confines of the consent order resolving his habeas claims. In other words, Washington is challenging the remedy imposed by the District Court upon resolution of his habeas petition. See 28 U.S.C. § 2255(b). Washington has not made "a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), and so we decline to issue a certificate of appealability as to that claim. The consent order at issue (1) noted that Washington "seeks to voluntarily withdraw his remaining claims, challenging the sentence imposed on Counts Four and Seven;" (2) vacated Washington's conviction on Count 2; (3) ordered that his "motion to vacate his sentence on Counts Four and Seven is denied as moot;" and (4) ordered that he "shall be resentenced on the remaining counts of conviction . . . ." App. 121–22. Washington argues that those "clear terms of the consent order" mean that he could only be resentenced on Count 1 and Count 3, given that Count 2 was vacated and his challenges to Counts 4 and 7 were declared moot. Washington Br. 6–8. Because that argument does not implicate Washington's constitutional rights, we decline to issue a certificate of appealability.[2] And even if we had jurisdiction over that claim, Washington's argument about the consent order is clearly erroneous. A plain reading of the order demonstrates that the District Court was ordering a resentencing of Washington on all counts that had not been vacated, which is exactly what it did. We accordingly reject Washington's argument that the District Court erred by sentencing him outside the scope of the consent order.

---

[2] It is for that reason that we also decline to certify this claim as a second § 2255 motion under 28 U.S.C. § 2225(h)(2), which requires that "a new rule of constitutional law" be identified.

7

Washington next argues that Count 3 should be vacated because "the facts of [this] 'attempted bank robbery' do not satisfy the elements of the bank robbery statute." Washington Br. 6. He contends that attempted bank robbery requires proof of the use of actual force or intimidation, and given that he was arrested after abandoning the tenth bank robbery without ever entering the bank, there "is no rational basis" to conclude that he used actual force or intimidation. Id. at 14–16. That argument is one of statutory interpretation, not of constitutional law, making it inappropriate for us to issue a certificate of appealability or to certify the claim under § 2255(h)(2). We accordingly lack jurisdiction to hear it.

But even if we had jurisdiction, any failure to vacate Count 3 does not constitute plain error by the District Court.[3] Washington and the Government agree that the Courts of Appeals are split as to whether attempted bank robbery requires an actual use of force or intimidation or merely the intent to use force or intimidation. The parties also agree that the Supreme Court and this Court have not weighed in on the issue. Given the lack of authority binding the District Court, even if it had erred — an issue we decline to decide — that error would have been far from "plain," "clear," or "obvious." See United States v. Olano, 507 U.S. 725, 734 (1993) (defining plain error review); see also United States v. Cruz, 757 F.3d 372, 387 n.11 (3d Cir. 2014) (holding there was no plain error

---

[3] Washington contends that plain error review applies to this claim. The Government argues that because Washington did not raise the argument below, the claim is procedurally defaulted and that the standard for excusing a procedural default is even stricter than plain error. For the reasons we discuss in text, Washington has not shown that the District Court plainly erred. And because the more lenient standard of plain error has not been satisfied, we need not decide the appropriate standard of review.

when we have not decided an issue and other Courts of Appeals are split). We accordingly reject, on both jurisdictional grounds and on the merits, Washington's argument that Count 3 must be vacated.

Washington additionally argues that his prior lawyers provided ineffective assistance of counsel by agreeing to the consent order mooting some of his habeas claims and by failing to argue that his conduct did not meet the statutory elements of attempted bank robbery. That claim fails as a threshold matter, given that defendants lack a right to counsel in post-conviction proceedings like those at issue here. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). But even if Washington had a right to counsel in his habeas claims, he has not shown that his prior counsels' conduct was deficient or that the purported deficiency resulted in prejudice. United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991). As the Government points out, Washington's counsel may have been seeking the quickest path to resentencing, so that Washington could seek a time served sentence and be released from prison. That strategy makes sense given that there was no guarantee that the remaining habeas arguments would have been successful or that the District Court would have sided with those Courts of Appeals that have held that attempted bank robbery requires actual force or intimidation. That the strategy was ultimately unsuccessful does not make it deficient. Washington's ineffective assistance claim is therefore rejected.[4]

---

[4] Washington also contends that his prior two attorneys were ineffective because they neglected his case. But he fails to explain how their purported neglect was ultimately prejudicial. Those claims, therefore, are also rejected.

In sum, we lack jurisdiction to hear Washington's remaining habeas claims, but even if we had jurisdiction, those claims would fail on their merits.

## V.

Washington also argues that the District Court's most recent resentence of 384 months is substantively unreasonable.[5]  Because we will remand this matter for a full resentencing following our vacatur of Washington's conviction on Count 4, that argument is now moot, and we decline to consider it.[6]

## VI.

For the foregoing reasons, we will vacate Washington's judgment and remand for a full resentencing.

---

[5] Although labeled as arguments that Washington's sentence was substantively unreasonable, most of Washington's contentions go to whether his sentence was procedurally reasonable.  Regardless of labeling, those arguments are now moot.

[6] We have considered Washington's other arguments not specifically addressed here, and we conclude that they are without merit.